IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHRISTOPHER ROLLINS,**

    Petitioner,

v.                                                                                                      Civil Action No. **3:19CV844**

**WARDEN, FCI PETERSBURG,**

    Respondent.

## MEMORANDUM OPINION

Christopher Rollins, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] The Government has filed a Motion to Dismiss (ECF No. 11) and Rollins has filed a Response in Opposition. (ECF No. 12.) For the reasons set forth below, the § 2241 Petition will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

### I.     Procedural History

On March 15, 2013, Rollins was indicted in the United States District Court for the Southern District of New York for conspiracy to distribute narcotics, conspiracy to commit Hobbs Act robbery, and carrying a firearm in relation to a Hobbs Act robbery conspiracy. (*See* ECF

---

[1] The statute provides, in pertinent part:

**(c)** The writ of habeas corpus shall not extend to a prisoner unless--
    **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

No. 11–1, at 1.)[2] The charges derived from Rollins's participation in a conspiracy to rob a shipment of drugs. (*Id.*) Rollins pled guilty to the one count of Hobbs Act robbery conspiracy on April 8, 2014, and as part of his plea agreement, Rollins agreed to waive his right to appeal or otherwise challenge his sentence. (*See id.*) Specifically, Rollins stipulated that: "the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241 . . . of any sentence within or below the Stipulated Guidelines Range of 151 to 188 months' imprisonment." (*Id.* at 1–2 (citation omitted).) The Plea Agreement also stipulated that Rollins was a career offender based on "the instant offense [being] a crime of violence" and because he had "two prior felony convictions" for manslaughter and possessing with intent to distribute a controlled substance on school property. (ECF No. 11–2, at 4–5.) On September 11, 2014, the United States District Court for the Southern District of New York ("Sentencing Court") sentenced Rollins to 151 months of incarceration. (ECF No. 11–1, at 2.)

Despite the waiver provision in the Plea Agreement, Rollins filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the Sentencing Court. (*See id.*) The Sentencing Court found that "Rollins executed a knowing and voluntary waiver of his right to collateral attack under § 2255" (*id.* at 3) and concluded that his § 2255 motion was procedurally barred by that waiver (*id.* at 4).

In his § 2241 Petition, Rollins raises the following grounds for relief:

Claim One: "Rollins' career offender enhancement must be vacated for resentencing because the underlying instant offense of 'conspiracy to commit robbery' no longer categorically qualifies as a 'crime of violence.'" (ECF No. 1, at 6.)

---

[2] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system.

    Claim Two:    "Rollins is entitled to receive a three-level decrease under Section 2X1.1(b)(2) because his conspiracy conviction did not come close enough to fruition." (*Id.* at 7.)

    Claim Three:    "Rollins' guilty plea was unknowing and involuntary, [and] is therefore, unconstitutional." (*Id.*)

As discussed below, Rollins fails to demonstrate that he may use § 2241 to obtain relief.[3]

## II.    Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief

---

[3] As a preliminary matter, as the Sentencing Court determined with respect to Rollins's § 2255 motion, because his waiver of his right to collaterally attack his sentence was knowing and voluntary, Rollins also explicitly waived his right to bring this § 2241 Petition. Rollins now tries to avoid that bar with his claim that his guilty plea was not knowing or voluntary. However, the Sentencing Court already has found this claim lacking, and this Court will not entertain it again here. Thus, Rollins's waiver bars this § 2241 Petition and for this reason alone the § 2241 Petition can be dismissed. Nevertheless, as discussed above, the Court also lacks jurisdiction to consider the § 2241 Petition.

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

3

under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).[5]

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit recently expanded the longstanding "controlling test," *id.*, as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), *cert. denied*, 139 S. Ct. 1318 (2019).[6]

---

[5] Rollins cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)).

[6] Until *Wheeler*, a petitioner was not permitted to challenge his or her sentence. Rather, a petitioner was required to satisfy the following test:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).

4

### III. Analysis of Rollins's 28 U.S.C. § 2241 Petition

#### A. Guilty Plea Claim

In Claim Three, Rollins argues that his guilty plea was not knowing and voluntary and is therefore, unconstitutional. This is not a sentencing claim and therefore remains governed by *In re Jones*. Rollins fails to show that subsequent to his direct appeal and first § 2255 motion, the substantive law has changed so his conviction for conspiracy to commit Hobbs Act robbery is no longer a crime. *In re Jones*, 226 F.3d at 333–34. Hobbs Act conspiracy remains a crime, and accordingly, Rollins may not bring this claim by way of § 2241. Accordingly, Claim Three is barred from review here.

#### B. Sentencing Claims

In Claims One and Two, Rollins fails to satisfy the second or fourth prong of *Wheeler*. Specifically, Rollins fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review," and, that, "due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018.)

In Claim One, Rollins argues that his career offender enhancement under United States Sentencing Guidelines ("USSG") § 4B1.1(b)(3) is invalid because its based on his 2014 guilty plea to conspiracy to commit Hobbs Act robbery. (ECF No. 1, at 6.) Rollins argues that *United States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) announced that conspiracy to commit Hobbs Act robbery was not a crime of violence for the purposes of 18 U.S.C. § 924(c) and this holding should be extended to the career offender guidelines.[7] (ECF No. 2, at 10.) As a preliminary matter, Rollins was indicted for, but was

---

[7] Rollins's claim derives from the Supreme Court case *Johnson v. United States*, 576 U.S. 591 (2015). In *Johnson*, the Supreme Court held "that imposing an increased sentence under the

5

ultimately not convicted of a § 924(c) offense, thus, the explicit holdings of *Davis* or *Simms* have no application here. Moreover, as discussed below, neither case applies here to his career offender enhancement under the advisory guidelines.

Under USSG § 4B1.1,

(a) a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

*United States Sentencing Guidelines Manual*, § 4B1.1 (2020). Essentially, Rollins suggests that he no longer qualifies as a career offender because *Davis* generally announced that conspiracy to commit Hobbs Act robbery is no longer a "crime of violence," and this holding should also apply to the similar provision in § 4B1.1(2). Thus, he argues, he no longer satisfies § 4B1.1(2), is not a career offender, and therefore, requires a lower sentence. Rollins is incorrect.

First, neither the Supreme Court, nor the United States Court of Appeals for the Fourth Circuit have found *Davis* or *Simms* to be retroactive to cases on collateral review with respect to guideline sentences. To the contrary, the Supreme Court has specifically "concluded that the Guidelines are not subject to vagueness challenge under the Due Process Clause," and therefore

---

residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 576 U.S. 606. The *Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 596–98 (citation omitted). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 1268. The two cases Rollins cites here, *Davis* and *Simms*, extended *Johnson*'s holding to the residual clause of 18 U.S.C. § 924(c) and determined that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). *See Davis*, 139 S. Ct. at 2336 (holding that "§ 924(c)(3)(B) is unconstitutionally vague"); *Simms*, 914 F.3d at 236 (same).

the "vagueness holding" of *Johnson* and progeny "does not apply to the residual clause in § 4B1.2(a)(2)" *United States v. Lee*, 855 F.3d 244, 246–47 (4th Cir. 2017) (citing *Beckles v. United States*, 137 S. Ct. 886, 892 (2017)). Thus, Rollins fails to satisfy the second prong of Wheeler.

Even if Rollins were able to demonstrate that he met the first three prongs of *Wheeler*, he would not be able to meet the fourth prong. The fourth prong requires a showing that due to a retroactive change in the law, Rollins's sentence "now presents an error sufficiently grave to be deemed a fundamental defect." *Wheeler*, 886 F.3d at 429. The Fourth Circuit has concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*United v. Booker*, 543 U.S. 220, 245 (2005), when the Sentencing Guidelines were mandatory. *Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018). The Fourth Circuit, however, explicitly noted that if Lester had been sentenced under the post-*Booker* advisory Sentencing Guidelines, his petition would be barred as failing to meet the fourth prong of *Wheeler*. *Id.* at 715. The Fourth Circuit explained:

> In [*United States v.* ]*Foote*[, 784 F.3d 931 (4th Cir. 2015)], we said a prisoner couldn't challenge a trial court's misapplication of the advisory Guidelines under § 2255. 784 F.3d at 932. The government is correct that in *Foote*, we distinguished a misapplied career offender enhancement from fundamental defects such as "sentences issued 'in excess of the maximum authorized by law.'" *Id.* at 942 (quoting 28 U.S.C. § 2255(a)). But crucial to our analysis in *Foote* was that the petitioner, unlike Lester, was sentenced after *Booker* had rendered the Guidelines purely advisory. Because the Guidelines lacked legal force, we explained, an erroneous advisory Guidelines classification was unlike a violation of a statute or constitutional provision. *Id.* at 942; *see Wheeler*, 886 F.3d at 422 n.9 (distinguishing *Foote*).
>
> *Foote undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines*. But *Foote* simply doesn't apply to a petitioner sentenced in the pre-*Booker* era. Indeed, we denied the petitioner's claim in *Foote* partly on the grounds that, because he was sentenced under the advisory Guidelines, the district court not only had the discretion to decide whether the Guidelines sentence was justified, but in fact was required to do so. *Foote*, 784 F.3d at 941–42; *see* 18 U.S.C. § 3553(a) (requiring individualized analysis of sentencing factors). That discretion is what the district court lacked at Lester's sentencing because, at that time, the Guidelines were mandatory.

7

*Id.* (emphasis added); *see Payton v. Entzell*, No. 2:18CV48, 2019 WL 2578770, at *2–3 (N.D. W. Va. June 24, 2019) (holding that petitioner challenging career offender sentence under advisory guidelines fails to satisfy the fourth *Wheeler* prong). Rollins was sentenced in 2014 and under the advisory Guidelines. Thus, he cannot meet the fourth prong of *Wheeler*. Accordingly, Claim One is barred from review here.

In Claim Two, Rollins simply challenges the validity of an enhancement that was applied to his sentence. Rollins argues that the Sentencing Court erred in enhancing his sentence five-levels for brandishing or possessing a firearm pursuant to USSG § 2B3.1(b)(2)(C), and because of the error, he should have received a three-level reduction under § 2X1.1(b)(2) because the conspiracy was not completed. (*See* ECF No. 2, at 22.) Rollins fails to meet prongs two and four of *Wheeler* with this claim. Specifically, Rollins fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review," and, that, "due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Wheeler*, 886 F.3d at 429. Rollins points to no retroactive change in the law that would permit him to challenge his advisory guidelines sentence. Because Rollins has failed to meet the second or fourth prongs of *Wheeler*, he may not proceed by § 2241 with respect to Claim Two.[8]

---

[8] Moreover, from the Court's review of the record, after calculating Chapter Two enhancements and reductions, Rollins's Offense Level was 26. However, because he was a career offender, his Offense Level was raised to 32. (*See* ECF No. 11–2, at 2–3.) Therefore, any Chapter Two enhancements or reductions had no impact on his Total Offense Level, and ultimate sentence.

## IV. Conclusion

For the foregoing reasons, Rollins's § 2241 Petition (ECF No. 1) will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

An appropriate Order shall accompany this Memorandum Opinion.

                                                                                 /s/

Date: March 8, 2021                                         Elizabeth W. Hanes
Richmond, Virginia                                    United States Magistrate Judge